IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTOINETTE DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| PATRICK INDUSTRIES, INC. D/B/A | ) |
| UBIQUE TECHNOLOGIES, | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

## JURISDICTION AND VENUE

1. This is an employment discrimination action in which the Plaintiff, Antoinette Davis, alleges that the Defendant, Patrick Industries, Inc., d/b/a Ubique Technologies ("Ubique") violated Title VII of the Civil Rights Act of 1964, as amended, by subjecting her to differential treatment, including job assignment, dues, and pay, from white male employees and retaliating against her after complaining. Davis also alleges Ubique violated 42 U.S.C. § 1981 by taking discriminatory and retaliatory action because of her race.

2. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper because the Defendant employed the Plaintiff in Chilton County, Alabama which is part of the Northern Division of the Middle

1

District of Alabama.

## PARTIES

4. The Plaintiff, Antoinette Davis, is an adult resident of the State of Alabama.

5. The Defendant, Patrick Industries, Inc., is foreign corporation, with its principal place of business in Elkhart, Indiana, that at all relevant times was authorized to do business and was doing business in Chilton County, Clanton, Alabama.

## ADMINISTRATIVE REMEDIES

6. Plaintiff began experiencing differential treatment in the terms and conditions of employment because of sex and race in April of 2022.

7. Many of plaintiff's allegations are continuing through the filing of this complaint.

8. On December 11, 2023, Davis filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") formalized as Charge No. 420-2024-00972. (Exhibit 1).

9. On August 25, 2025, the EEOC issued a Determination and Notice of Rights which Davis received via EEOC Portal thereafter. (Exhibit 2).

10. Davis filed this action within 90 days of receipt of the Determination and Notice of Rights.

11. Davis timely initiated this action.

12. Davis fulfilled all conditions precedent to the institution of this lawsuit.

## FACTUAL BACKGROUND

13. The Defendant operates in Clanton under the d/b/a of Ubique Technologies.

14. Defendant's website https://www.patrickind.com/company/ advertises Defendant as a "leading supplier of quality component solutions to the rapidly evolving Outdoor Enthusiast markets, including RV, Marine, and Powersports, as well as the Housing sector."

15. Defendant operates over 86 brands.

16. Defendant employs over 10,000 employees company wide.

17. Defendant is a publicly traded company using the stock symbol NASDAQ:PATK.

18. Defendant's Clanton, Alabama plant, operating as Ubique Technologies manufactures prefabricated composite kits including for marine and RV.

19. Ubique uses a points disciplinary policy with its Clanton, Alabama employees.

20. Plaintiff, Antoinette Davis is a Black female.

21. Davis has worked for Ubique since 2016.

22. Davis is currently employed in the packaging department and has been for the last several years.

23. Ubique started using Team Leads in 2022.

24. At the time, Jeremy Craft, the plant manager, created and assigned the positions.

25. Craft is a White male.

26. In April of 2022, Craft bypassed Davis for Team Lead for Constance Freeman, another employee with less seniority.

27. Freeman is also a Black female.

28. Craft told Davis she could not be Team Lead because she had too many disciplinary points.

29. Davis was aware of multiple White employees who had points removed by Ubique management.

30. Around Spring of 2023, Davis observed Craft, the White male plant manager and Christy, a White female supervisor, make inappropriate sexual comments and gestures.

31. On one occasion Craft reached toward Christy in a sexual manner, like he was trying to rub up against her.

32. During the shift, a gay, Black female employee made the statement that she did not like White women because they do not have any flavor.

33. Christy, the supervisor, responded "Oh, I've got flavor".

34. Craft, the plant manager, joined in "Oh, she's got flavor" then stated "oh I might not should have said that."

35. Davis filed a written complaint about the interaction.

36. Ubique took no action or did not notify Davis of any action.

37. Davis also reported to Ubique she observed Christy, a White supervisor, refer to Black male employees as "boy" in a racially derogatory way.

38. After her complaints, Davis observed Craft make multiple comments about employees complaining.

39. Davis complained again to Ubique about retaliation.

40. Ubique took no action or did not otherwise notify Davis of any action.

41. In July of 2023, Ubique terminated Craft not related to Davis's complaints.

42. Around the same time, Ubique terminated Christy after a White female office employee complained about her making a sexual remark, unrelated to Davis's complaints.

43. In mid-2023, Ubique promoted Davis to Team Lead.

44. Davis acted as co-lead with Freeman.

45. Ubique's Clanton facility had only two Black female Team Leads, Freeman and Davis.

46. Ubique did not utilize "co-leads" in any department of the Clanton facility except for putting Davis and Freeman together.

47. Any department led by a male had only a single lead.

48. Any department led by a white employee had only a single lead.

49. Davis has trained other Ubique employees.

50. Davis never received training pay while working as a trainer.

51. Davis is aware of white employees who have received training pay while training other employees.

52. Davis has made multiple requests to transfer to a CNC machine.

53. CNC machine operators earn more.

54. Ubique had consistently denied Davis transfer to CNC machine operator while transferring White or male employees.

55. Ubique transferred Noah (last name unknown) a White male to a different department after Davis requested a transfer.

56. Ubique transferred Samantha (last name unknown) a White female to a machine operator position after Davis requested a transfer.

57. Davis has observed Ubique utilize the disciplinary points system to terminate Black employees while removing points from White employees.

58. After Craft's termination, Ubique placed Mitch Pearce, a White male, as supervisor of Davis's department.

59. On September 29, 2023, Davis and Freeman together reported to Pearce that the other supervisors made it seem like they did not want Black women in leadership positions.

60. They specifically reported that Jonathan Cagle, the White male, Operations

Manager did not like Black people.

61. Pearce responded that he could confirm Cagle "doesn't like y'all."

62. On October 2, 2023, Cecil (last name unknown) a White male Team Lead asked Davis if her incentive pay was correct on her paycheck.

63. Ubique told Davis the incentive pay was no longer being paid.

64. Davis learned that neither she nor Freeman, the only Black female leads were the receiving the incentive pay.

65. Ubique was still paying the incentive pay to the other Team Leads that were not Black females.

66. Davis also reported to Pearce in October of 2023 that Ubique was discriminating against Black employees by disciplining them for things that the White employees did not receive discipline for like not wearing seatbelts in the forklifts.

67. On November 4, 2023, Office Manager Deniese Powell, a White female approached Davis to question her about Tamika Harris, a Black office employee, being absent.

68. Harris had complained on her behalf and on behalf of other Black employees about discriminatory pay and terms and conditions of employment at Ubique's Clanton plant.

69. Other Black employees, including Davis and Freeman had complained

around this same time.

70. When Davis stated she did not know why Harris was absent, Powell responded that Harris was not speaking to Powell anymore.

71. Powell told Davis "Trust me, I feel as bad as y'all do."

72. After Davis filed her EEOC charge, Cagle began ignoring her and going out of his way to avoid her.

73. On one occasion, Davis walked out of her building toward another and observed Cagle stop a distance away where he waited to walk until he was not at risk of being near her.

74. After Davis and others filed their EEOC charges, Ubique removed forklift operation from the Team Leads, including Davis.

75. The removal of this job function created a backlog in the department and affected the terms and conditions of Davis's employment.

76. Davis learned that other departments were still allowing White team leads to use the forklift.

77. Freeman left Ubique around August 2024.

78. When Freeman left Ubique, Davis became a single Team Lead like the other departments.

79. Within approximately three months of Davis being a solo Team Lead, Ubique's Clanton facility stopped using Team Leads.

8

80. Most recently, Davis has reported Steve (last name unknown) the supervisor over the wood shop for racially hostile behavior.

81. Steve, a White male has treated Davis with disrespect by avoiding her and refusing to take items she tries to give him as though he is avoiding the possibility of touching her hand.

82. Davis learned from other employees that Steve was talking about her and making negative comments.

83. On at least one occasion after reporting Steve, Russ, a White Plant Manager, pulled Davis aside to discuss her complaint.

84. Russ did not discipline Steve, and instead, only told Davis Steve was "not racist."

85. Davis has continued to perform her work to the best of her ability through multiple staffing turnovers.

## COUNT I
## DISCRIMINATION
## TITLE VII - RACE

86. For purposes of context, Davis adopts and incorporates the facts set forth above in Paragraphs 1-85 as if fully set out herein.

87. This count challenges racially disparate treatment.

88. Davis is Black.

89. Ubique has used Davis's race as a motivating factor in pay, assignment, and

disciplinary decisions.

90. Because of Ubique's disparate treatment of Davis, made in whole or in part because of her race, Davis has lost and continues to lose pay.

91. Ubique's conduct caused Davis emotional and mental harm including embarrassment, lost of joy, loss of pride, and other mental anguish.

WHEREFORE, PREMISES CONSIDERED, Davis requests this Court enter a judgment against Patrick Industries, Inc. under Title VII of the Civil Rights Act of 1964, as amended, pursuant to an Order by which this Court:

    a. Awards compensatory damages to be determined by the trier of fact;

    b. Awards punitive damages to be determined by the trier of fact;

    c. Awards nominal damages to be determined by the trier of fact;

    d. Awards injunctive and equitable relief including, but not limited to, training, and backpay;

    e. Awards that relief which is fair, reasonable, and just;

    f. Awards costs against Patrick Industries, Inc. including a reasonable attorney's fee.

## COUNT II
## DISCRIMINATION
## TITLE VII - SEX

92. For purposes of context, Davis adopts and incorporates the facts set forth above in Paragraphs 1-85 as if fully set out herein.

93. This count challenges racially disparate treatment.

94. Davis is female.

95. Ubique has used Davis's sex as a motivating factor in pay, assignment, and disciplinary decisions.

96. Because of Ubique's disparate treatment of Davis, made in whole or in part because of her sex, Davis has lost and continues to lose pay.

97. Ubique's conduct caused Davis emotional and mental harm including embarrassment, lost of joy, loss of pride, and other mental anguish.

WHEREFORE, PREMISES CONSIDERED, Davis requests this Court enter a judgment against Patrick Industries, Inc. under Title VII of the Civil Rights Act of 1964, as amended, pursuant to an Order by which this Court:

a. Awards compensatory damages to be determined by the trier of fact;

b. Awards punitive damages to be determined by the trier of fact;

c. Awards nominal damages to be determined by the trier of fact;

d. Awards injunctive and equitable relief including, but not limited to, training, and backpay;

e. Awards that relief which is fair, reasonable, and just;

f. Awards costs against Patrick Industries, Inc. including a reasonable attorney's fee.

## COUNT III
## DISCRIMINATION

## 42 U.S.C. § 1981

98. For purposes of context, Davis adopts and incorporates the facts set forth above in Paragraphs 1-85 as if fully set out herein.

99. This count challenges racially disparate treatment.

100. Davis is Black.

101. Because of Ubique's disparate treatment of Davis, done because of her race, Davis has lost and continues to lose pay.

102. Ubique's conduct caused Davis emotional and mental harm including embarrassment, lost of joy, loss of pride, and other mental anguish.

WHEREFORE, PREMISES CONSIDERED, Davis requests this Court enter a judgment against Patrick Industries, Inc. under 42 U.S.C. § 1981, pursuant to an Order by which this Court:

a. Awards compensatory damages to be determined by the trier of fact;

b. Awards punitive damages to be determined by the trier of fact;

c. Awards nominal damages to be determined by the trier of fact;

d. Awards injunctive and equitable relief including, but not limited to, training, and backpay;

e. Awards that relief which is fair, reasonable, and just;

f. Awards costs against Patrick Industries, Inc. including a reasonable attorney's fee.

## COUNT IV
## RETALIATION AND RETALIATORY
## HOSTILE WORK ENVIRONMENT
## TITLE VII

103. For purposes of context, Davis adopts and incorporates the facts set forth above in Paragraphs 1-85 as if fully set out herein.

104. Section 704(a) of Title VII of the Civil Rights Act prevents retaliation by employers. The relevant statutory language reads:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

105. Davis engaged in activity protected by Title VII when she complained of racially and gender based disparate treatment through pay and job assignments and racially and gender based comments.

106. Defendant retaliated against Davis when it changed the terms and conditions of her employment by removing her forklift permissions and continued to not pay her equally.

107. Defendant's retaliation also included avoidance by her supervisor causing Davis to be uncomfortable in her workplace.

108. Defendant's actions were intended to punish Davis for engaging in protected activity as well as to discourage and dissuade further protected activity.

13

109. Defendant's actions were unwelcome and subjected Davis to conduct that would dissuade a reasonable worker from making or supporting a charge of discrimination.

110. Defendant's actions injured Davis and caused emotional and mental harm including embarrassment, loss of joy, loss of pride, and other mental anguish.

WHEREFORE, PREMISES CONSIDERED, Davis requests this Court enter a judgment against Patrick Industries, Inc. under Title VII of the Civil Rights Act of 1964, as amended, pursuant to an Order by which this Court:

    a. Awards compensatory damages to be determined by the trier of fact;

    b. Awards punitive damages to be determined by the trier of fact;

    c. Awards nominal damages to be determined by the trier of fact;

    d. Awards injunctive and equitable relief including, but not limited to, training and backpay;

    e. Awards that relief which is fair, reasonable, and just;

    f. Awards costs against Patrick Industries, Inc. including a reasonable attorney's fee.

**COUNT V**
**RETALIATION AND RETALIATORY**
**HOSTILE WORK ENVIRONMENT**
**42 U.S.C. § 1981**

111. For purposes of context, Davis adopts and incorporates the facts set forth

above in Paragraphs 1-85 as if fully set out herein.

112. Davis engaged in activity protected under § 1981 when she complained of racially based disparate treatment through pay and job assignments and racially based derogatory comments.

113. Defendant retaliated against Davis when it changed the terms and conditions of her employment by removing her forklift permissions and continued to not pay her equally.

114. Defendant's retaliation also included avoidance by her supervisor causing Davis to be uncomfortable in her workplace.

115. Defendant's actions were intended to punish Davis for engaging in protected activity as well as to discourage and dissuade further protected activity.

116. Defendant's actions were unwelcome and subjected Davis to conduct that would dissuade a reasonable worker from making or supporting a charge of discrimination.

117. Defendant's actions injured Davis and caused emotional and mental harm including embarrassment, loss of joy, loss of pride, and other mental anguish.

WHEREFORE, PREMISES CONSIDERED, Davis requests this Court enter a judgment against Patrick Industries, Inc. under 42 U.S.C. § 1981 pursuant to an Order by which this Court:

a. Awards compensatory damages to be determined by the trier of fact;

b. Awards punitive damages to be determined by the trier of fact;

c. Awards nominal damages to be determined by the trier of fact;

d. Awards injunctive and equitable relief including, but not limited to, training and backpay;

e. Awards that relief which is fair, reasonable, and just;

f. Awards costs against Patrick Industries, Inc. including a reasonable attorney's fee.

Respectfully submitted,
/s/ Leslie Palmer
Leslie Palmer
Attorney for Client
ASB-0436-L40P

PALMER LAW, LLC
Leslie Palmer
2 North 20th Street, Suite 900
Birmingham, AL 35203
Telephone: (205) 285-3050
Email: leslie@palmerlegalservices.com

DEFENDANT TO BE SERVED BY CERTIFIED MAIL